# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENT G. SAVAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-670-HE |
| | ) |
| JEFFERY TROUTT et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kent G. Savage, a state prisoner proceeding pro se, has filed suit under 42 U.S.C. §§ 1983 and 12133, alleging that Jeffery Troutt, Tami Grogan, Genese McCoy, and the Oklahoma Department of Corrections (collectively, "Defendants") violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution and Title II of the Americans with Disabilities Act. *See generally* Compl. (Doc. No. 1) at 1-2, 3-21.[1] This matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Following screening of Plaintiff's Complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), and the entry of an Order Requiring Service and Special Report, *see* Order (Doc. No. 9), Plaintiff attempted to serve a summons and the Complaint on each Defendant. Alleging deficiencies in Plaintiff's attempts at service, Defendants filed a Motion to Quash Service of Process (Doc. No. 15), which is more properly characterized as a motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil

---

[1] Page numbers refer to CM/ECF pagination.

1

Procedure. *See Travelers Cas. & Sur. Co. of Am. v. Unistar Fin. Serv. Corp.*, 35 F. App'x 787, 789-90 (10th Cir. 2002); *Gray v. Ritter*, No. CIV-09-909, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010) (R. & R.) (noting that "there is no longer a motion to quash" and that "'the proper motion . . . [is] a motion to dismiss for insufficiency of service'" under Rule 12(b)(5) (alteration in original) (quoting *Martin v. Stokes*, 623 F.2d 469, 474 n.8 (6th Cir. 1980)), *adopted*, 2010 WL 4880870 (W.D. Okla. Nov. 24, 2010). As permitted when considering a Rule 12(b)(5) motion to dismiss, the undersigned recommends that Plaintiff's attempted service of process be quashed without dismissal of the action and that Plaintiff be allowed another opportunity to perfect service of process.

## I. Standard of Review

Rule 4 of the Federal Rules of Civil Procedure sets out "[d]etailed instructions on how to serve a summons and complaint" on a defendant in a civil action. *Martinez-Jones v. Dulce Indep. Sch.*, No. CIV-07-0703, 2008 WL 2229472, at *5 (D.N.M. Mar. 5, 2008). "Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Further, Rule 4 service of process "provides the mechanism" for the court to "assert[] jurisdiction over the person of the party served." *Id.*; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Proper "[e]ffectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1276 (10th

Cir. 1998). Thus, a plaintiff's unexcused failure to comply with Rule 4 allows a district court to dismiss the action. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992).

A Rule 12(b)(5) motion challenges the plaintiff's mode or method of serving process on the objecting party. *Craig v. City of Hobart*, No. CIV-09-53-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2004)). Where, as here, the court addresses sufficiency of process on the basis of the motion papers and supporting briefs, the plaintiff need only make a prima facie showing that service was proper under Rule 4. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008); *see also Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *2 n.7 (W.D. Okla. May 21, 2015) (noting that the court can consider "documentary evidence" submitted with a Rule 12(b)(5) motion without converting the motion to one for summary judgment).

A Rule 12(b)(5) motion to dismiss "differ[s] from the other motions permitted by Rule 12(b) somewhat in that [it] offer[s] the district court a course of action—quashing the process without dismissing the action—other than dismissing the case when the defendant's defense or objection is sustained." 5B *Federal Practice & Procedure*, *supra*, § 1354. "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" rather than dismiss the action. *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

II. Background

Plaintiff is an inmate at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. *See* Compl. at 1. Plaintiff's alleges in his Complaint that the Defendants

3

violated his rights by denying him proper healthcare and interfering with his ability to address his concerns through JCCC's inmate grievance process. *See generally id.* at 3-21. On July 17, 2015, after screening the Complaint pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), this Court issued an Order Requiring Service and Special Report. *See* Order (Doc. No. 9) at 1. The Court directed Plaintiff to "cause a copy of . . . the Complaint, along with a summons, to be served" on each named Defendant "within 120 days from the date of [the] Order."[2] *Id.* at 1-2 (citing Fed. R. Civ. P. 4(c), (m)). The Court also informed Plaintiff that he must file with the Court proof of service for each Defendant before the 120-day period expired. *See id.* That period is set to expire on Monday, November 16, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

Plaintiff filed proofs of service for all four Defendants (*See* Doc. Nos. 11, 12, 13) in August 2015. Each executed return indicates that Plaintiff personally mailed summonses and copies of the Complaint via U.S. Postal Service certified mail, return receipt requested, to Defendants Troutt, Grogan, and McCoy at their employers' addresses, as well as to Defendant ODOC's "General Counsel" at its business address. Troutt Proof of Serv. (Doc. No. 11); Grogan Proof of Serv. (Doc. No. 12); ODOC & McCoy Proof of Serv. (Doc. No. 13); *see also* Defs.' Ex. 3 (Doc. No. 15-3) at 3. The return receipts for Grogan and Troutt were signed by Karias Vales, presumably a JCCC

---

[2] The Court also denied as moot Plaintiff's July 10, 2015 "Motion for Order to Issue Summons" (Doc. No. 8). *See* Order at 3. In that motion, Plaintiff, who is not proceeding *in forma pauperis* in this action, indicated that he understood that he was responsible for having process served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

employee, on July 29, 2015.³ Troutt Proof of Serv. at 2; Grogan Proof of Serv. at 2. An unidentified individual signed the return receipts for McCoy and ODOC on August 10, 2015.⁴ ODOC & McCoy Proof of Serv. at 1, 2.

Defendants filed their Motion to Quash Service of Process on September 4, 2015. They urge the Court to quash Plaintiff's "attempted service" of process because Plaintiff personally placed these envelopes in the mail. *See* Defs.' Mot. at 1, 3-4; Defs.' Reply Br. (Doc. No. 18) at 1. Thus, Defendants argue that service of process upon them was improper under Rule 4(c)(2) and Rule 4(e)(1) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. at 1, 3-4.

### III. Discussion

Rule 4(c)(2) requires that the summons and complaint be served by an adult who is "not a party" to the underlying lawsuit. Fed. R. Civ. P. 4(c)(2). This means that when service is accomplished by mail, "only a nonparty can place the summons and complaint in the mail" on a party's behalf. *Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010). "[S]ervice placed in the mail by a party is invalid. This rule applies to *pro se* parties." *Wyatt v. Donahoe*, No. 11-cv-801, 2012 WL 1247179, at *1 (N.D. Okla. Apr. 13, 2012) (citation omitted); *accord Sumrall v. Tinker Air Force Base*, No. CIV-07-809-C, 2008 WL 4364549, at *2 n.6 (W.D. Okla. Sept. 17, 2008).

---

³ On each receipt, Vales checked the box indicating that she was the addressee's "agent."

⁴ This individual's signature is illegible, and he or she did not identify himself or herself as either the addressee or the addressee's agent.

Rule 4(e)(1), however, permits service upon an individual by following the applicable state law for serving a summons and complaint in an action brought in courts of general jurisdiction in the state where the federal district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Oklahoma is both where this federal district court is located and where service was to be made. Thus, service in accordance with Oklahoma's service-by-mail statute would satisfy Rule 4. Def. Mot. at 3; *see also* 4A *Federal Practice & Procedure*, *supra*, § 1089.1 ("If the relevant state law does permit service by a party . . . , Rule 4(e)(1) and not Rule 4(c)(2) authorizes service by such an individual pursuant to state law in a federal court action.").

Under Oklahoma law, "a summons and [complaint] may be served by mail by the plaintiff's attorney," "the court clerk," a sheriff or sheriff's deputy, a person licensed to make service of process in civil cases, or a court-appointed process server. Okla. Stat. tit. 12, § 2004(C)(2)(a). "Service by mail shall be accomplished by mailing a copy of the summons and [complaint] by certified mail, return receipt requested and delivery restricted to the addressee." *Id.* § 2004(C)(2)(b). Despite this statutory language, the summons and complaint need not be marked "delivery restricted" or mailed to a particular place—such as the defendant's home—to be effective, so long as service is accepted or refused by the defendant to whom it is addressed or by his or her agent. *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798, 802 (10th Cir. 2008) ("[W]hen service is delivered to or refused by the addressee, or by an authorized person, the failure to specify restricted delivery does not prevent substantial compliance with the statute."); *see also Shaffer v. Skechers, USA, Inc.*, No. 09-CIV-167-D, 2009 WL

3837408, at *2 (W.D. Okla. Nov. 16, 2009) ("[T]he circumstances evidenced by the record reflect that, notwithstanding Plaintiff's failure to check the restricted delivery box on the certified mail receipt, that failure does not offend the standards of due process.").

The returns of service filed by Plaintiff reflect that he personally sent by certified mail a summons and a copy of the complaint to each Defendant. *See* Troutt Proof of Serv.; Grogan Proof of Serv.; ODOC & McCoy Proof of Serv.; *accord* Okla. Stat. tit. 12, § 2004(C)(2)(b). Oklahoma's service-by-mail statute, however, does not explicitly authorize a pro se plaintiff to accomplish service by mail as a matter of course. *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014). Indeed, "[s]ection 2004(C)(2)(a) implies the contrary by specifying that service by mail can be accomplished" by certain categories of persons not including a party. *Id.*; *see also Foye v. Eastover Bank for Sav.*, 811 P.2d 108, 110 (Okla. Civ. App. 1991) (holding that "service accomplished by an attorney's clerical staff, *at the attorney's direction*," satisfied the requirements of section 2004(C)(2)(a) (emphasis added)).[5]

---

[5] Another provision of Oklahoma's service-of-process statute provides:

> In lieu of mailing a copy of process or other papers by certified mail, return receipt requested and delivery restricted to the addressee as required or allowed by [Title 12 of the Oklahoma Statutes], a *party* or attorney may send the same by commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt signed by the addressee showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery.

Okla. Stat. tit. 12, § 2004.3(A) (emphasis added). Here, however, Plaintiff attempted to serve Defendants by U.S. Postal Service certified mail and not any of these alternative delivery services.

Finally, "[b]ecause the Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure," courts "may look to federal authority for guidance in applying its provisions." *Prough v. Edinger, Inc.*, 862 P.2d 71, 74 (Okla. 1993); *see also Graff v. Kelly*, 814 P.2d 489, 493-94 (Okla. 1991) (comparing section 2004(C)(1)(c)(1) to the current Fed. R. Civ. P. 4(e)(2)). As noted, the federal Rule unambiguously requires "a nonparty [to] place the summons and complaint in the mail" on a pro se plaintiff's behalf. *Constein*, 628 F.3d at 1213-14 ("[T]he rule contains no mailing exception to the nonparty requirement for service."); *see also Wyatt*, 2012 WL 1247179, at *1; *Sumrall*, 2008 WL 4364549, at *2 n.6.

Accordingly, Plaintiff was not authorized by federal rule or state law to personally mail the service documents to each Defendant for the purpose of serving those Defendants. Plaintiff's attempts to serve process on the Defendants in this case were insufficient under Rules 4(c)(2) and 4(e)(1).[6]

### IV. Recommendation

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" rather than dismiss the action. *Pell*, 711 F.2d at 950 n.2. In this case, Plaintiff still could

---

[6] Plaintiff contends that a similar motion to quash service of process was rejected in *Greer v. Dowling*, Case No. CIV-14-708-M (W.D. Okla.), and that "[t]his Court has allowed the U.S. Marshal's Service to accomplish Service via certified mail." *See* Pl.'s Obj. to Mot. to Quash Service (Doc. No. 17) at 1-2. The first contention is incorrect. The second is irrelevant because in this case Plaintiff did not obtain the assistance of the United States Marshals Service to serve Defendants. That option is available to Plaintiff but, because he is not proceeding *in forma pauperis*, would require the payment of a fee.

perfect service within the 120-day period allowed under Rule 4(m), which is set to expire on November 16, 2015. *See* Order at 2-3; Fed. R. Civ. P. 4(m). Accordingly, the undersigned recommends that the presiding District Judge GRANT Defendants' Motion (Doc. No. 15) to the extent that it seeks to quash service without dismissing the action, *see* Defs.' Mot. at 1, 4, but allow Plaintiff another opportunity to perfect service.[7]

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72(c). Any such objections must be filed with the Clerk of this Court by November 9, 2015. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 19th day of October, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[7] As of this date Plaintiff has not requested an extension of the service deadline pursuant to Federal Rule of Civil Procedure 4(m).