# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENT G. SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0670-HE |
| | ) | |
| JEFFREY TROUTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Kent G. Savage, a state prisoner proceeding *pro se*, filed this § 1983 action claiming defendants Jeffery Troutt, Tami Grogan, Genese McCoy and the Oklahoma Department of Corrections violated his Eighth and Fourteenth Amendment Rights and also the Americans with Disabilities Act. He also asserts they have interfered with his rights under state law to a "fair and adequate grievance process." Doc. #1, p. 11. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Charles B. Goodwin for initial proceedings. Defendants filed a motion to quash service of process, which the magistrate judge characterized as a motion to dismiss under Fed.R.Civ.P. 12(b)(5). He concluded plaintiff's service of process was defective and recommended that it be quashed without dismissing the action and that plaintiff be granted another opportunity to perfect service.

Plaintiff has objected to the Report and Recommendation. He contends that the problem with the service – he served the summons and complaint and Rule 4(c)(2) requires that service be effected by an adult who is not a party to the underlying lawsuit – is a hyper

technical defect that should be excused. If not excused, plaintiff requests an extension of time to effect service, as the 120-day period allowed for service under Rule 4(m) is about to expire.

The court agrees defendants have been provided with notice of the lawsuit, which is one of the purposes that service is intended to provide. However, defendants are entitled to demand that they be served properly and that plaintiff strictly adhere to the requirements of Rule 4.

The court therefore **ADOPTS** Magistrate Judge Goodwin's Report and Recommendation and **GRANTS** defendants' motion to quash [Doc. #15], construed as a motion to dismiss to the extent it seeks to quash service, without dismissing the action. Plaintiff's motion for an extension of time to serve process [Doc. #23] is **GRANTED**. Plaintiff is **GRANTED** an additional **thirty (30) days**, or until **December 16, 2015**, to effect service of process.[1]

**IT IS SO ORDERED**.

Dated this 12th day of November, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1]The court does not expect there to be any further challenges to service of process.