# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENT G. SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0670-HE |
| | ) | |
| JEFFREY TROUTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Kent G. Savage filed this § 1983 action against the Oklahoma Department of Corrections ("DOC") and Dr. Jeffery Troutt, Tami Grogan, and Genese McCoy, three present or former DOC employees, asserting claims under both federal and state law. Plaintiff alleges in his complaint that, while he was incarcerated at the James Crabtree Correctional Center ("JCCC"), defendants failed to provide him with adequate medical care, denied him access to a fair and adequate grievance process, intentionally inflicted emotional distress upon him, and violated the Americans with Disabilities Act ("ADA").

Consistent with 28 U.S.C. § 636(b), the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin, who has recommended that a motion to dismiss filed by the four defendants be granted in part and denied in part and a motion for summary judgment filed by plaintiff be denied. Plaintiff has filed an objection, which will be discussed following a summary of the magistrate judge's recommendations.

Defendants' motion to dismiss [1]

---

[1]*The magistrate judge declined to consider evidentiary material plaintiff included in his response to defendants' motion to dismiss and convert the motion to a motion for summary*

The magistrate judge recommended that plaintiff's § 1983 claims for damages against defendants Troutt, Grogan and McCoy in their official capacities be dismissed without prejudice because they are barred by Eleventh Amendment immunity. With respect to plaintiff's § 1983 claims asserted against defendants Troutt, Grogan and McCoy in their individual capacities, the magistrate judge made the following determinations.

Plaintiff's deliberate indifference to serious medical needs claims against defendant Troutt are based on the medication he prescribed for plaintiff's neuropathic pain, the physician's alleged failure to treat plaintiff's severe constipation and abdominal pain, and his alleged delayed treatment of plaintiff's allergies. The magistrate judge concluded that qualified immunity barred plaintiff's deliberate indifference claims against defendant Troutt insofar as they are based on the physician's treatment of plaintiff's neuropathic pain and his allergies. He determined defendant Troutt is not entitled to qualified immunity with respect to plaintiff's deliberate indifference claim based on the doctor's asserted nontreatment of plaintiff's constipation.

The magistrate judge determined that plaintiff's deliberate indifference claims against defendants Grogan, JCCC's Health Services Administrator, and McCoy, DOC's Medical Service Administrator, fail because plaintiff did not allege that they personally participated in the asserted constitutional violations or acted with the required deliberately indifferent state of mind. He concluded that more is required to subject the defendants to supervisory

---

*judgment.*

2

liability under §1983 than allegations that the defendants responded adversely to two grievances.

The magistrate judge also rejected plaintiff's ADA claim against the DOC – the only claim asserted against that agency. He concluded that merely alleging that the treatment plaintiff received was inadequate is insufficient to state an ADA claim.[2]

As for plaintiff's remaining state law claims, the magistrate judge concluded that 57 Okla. Stat. § 566.3(G) does not "create a personal right to a 'fair and adequate' prison-grievance process or authorize private civil actions for its violation." Doc. #59, p. 31, citing Rachel v. Troutt, No. CIV-14-655-R, 2015 WL 3408783, at *4 (W.D. Okla. May 27, 2015), *rev'd on other grounds*, 820 F.3d 390 (10th Cir. 2016). He also determined that plaintiff's conclusory allegations regarding defendants' alleged misconduct and his resulting emotional distress are insufficient to "support a reasonable inference that any Defendant's conduct went 'beyond all possible bounds of decency' or that Plaintiff's resulting emotional distress 'was so severe that no reasonable person could be expected to endure it.'" Doc. #59, pp. 32-33 (quoting Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735-36 (Okla. 2002) (alteration omitted)).

Plaintiff's motion for summary judgment

Because he determined that plaintiff had adequately pled only one claim – that

---

[2]*The magistrate judge noted that the DOC did not assert Eleventh Amendment immunity as a defense to plaintiff's ADA claim and, as neither party raised or briefed the issue of the validity of Congress's purported abrogation of state sovereign immunity in the ADA, he proceeded to consider whether plaintiff had pled facts sufficient to state an ADA claim against the DOC.*

3

defendant Troutt was deliberately indifferent to plaintiff's constipation and abdominal pain – the magistrate judge considered only that claim in conjunction with plaintiff's motion for summary judgment. He concluded plaintiff was not entitled to summary judgment because his submissions did not compel the conclusion that the physician had acted with deliberate indifference.

Plaintiff had filed a motion to file supplemental exhibits in conjunction with his summary judgment motion. The magistrate judge recommends that this motion be granted.

The remaining issue addressed by the magistrate judge in his Report and Recommendation consists of his recommendation that the court deny plaintiff's request that the court appoint a neurologist as an expert witness pursuant to Fed.R.Evid. 706(a). The appointment will be unnecessary, the magistrate judge states, if the court adopts his recommendations because all of plaintiff's claims for which a neurologist's skills and expertise might be helpful will have been dismissed.

Plaintiff objects to all the magistrate judge's adverse rulings, except for his recommendation that his motion for summary judgment be denied. Having conducted a de novo review, the court concurs with the magistrate judge's thorough analysis with respect to all plaintiff's claims, except for his Eighth Amendment deliberate indifference claim based on Dr. Troutt's treatment of plaintiff's neuropathic pain associated with his multiple sclerosis.[3]

---

[3]*Plaintiff asserts that the magistrate judge erroneously characterized his intentional infliction of emotional distress claim as being asserted solely under state law. He states he*

4

Liberally construing the allegations of plaintiff's pro se complaint, Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999), the court concludes plaintiff has alleged sufficient facts to state a claim that defendant Troutt was deliberately indifferent to his medical needs. These include plaintiff's allegations that he has multiple sclerosis, that his condition has worsened considerably since he arrived at JCCC, that he has extreme pain and that, despite having repeatedly advised defendant Troutt that the normal strength Ibuprofen he has provided plaintiff is ineffective, defendant Troutt has refused because of financial considerations to provide plaintiff with a prescription pain medication recommended by medical specialists.

Although a close question, the court concludes plaintiff has alleged more than a mere disagreement with a prescribed course of treatment.[4] Therefore, defendants' motion to dismiss plaintiff's §1983 deliberate indifference claim against defendant Troutt based on his treatment of plaintiff's neuropathic pain will be denied.[5]

---

*"specifically invoked 42 U.S.C. 1983 for this claim of the bottom of page 16." Doc. #62, p. 12. While a plaintiff may recover damages for emotional distress in a § 1983 action, liability under § 1983 requires a constitutional violation. In other words, there is no independent claim under § 1983 for intentional infliction of emotional distress.*

*To the extent plaintiff attempts to allege some type of "continuing violation" in his complaint, see Doc. Nos. 1, pp. 10-11; 62, p. 13, he has failed to state a cognizable claim.*

[4]*The court recognizes that "[a] difference of opinion with medical staff about treatment is not actionable under the Eighth Amendment, nor is a disagreement among medical experts." Toler v. Troutt, 631 Fed. Appx. 545, 547 (10th Cir. 2015).*

[5]*The court is not, though, intimating any view as to the merits of plaintiff's claim. As the magistrate judge noted, "dissatisfaction with the treatment provided does not state a cognizable constitutional claim under the Eighth Amendment." Archer v. Simmons, 128 Fed. Appx. 716, 719 (10th Cir. 2005). And "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.'" Perkins, 165*

5

In his objection plaintiff also requests that counsel be appointed. The legal and factual issues in this case are not overly complicated and plaintiff, through his filings, has demonstrated his ability to represent himself adequately. His request for appointed counsel is denied.

Accordingly, the court **ADOPTS** Magistrate Judge Goodwin's Report and Recommendation, with the exception previously discussed. Defendants' motion to dismiss [Doc. #39] is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss is **DENIED** with respect to plaintiff's §1983 deliberate indifference claims against defendant Troutt based on his treatment of plaintiff's neuropathic pain and his constipation and abdominal pain. Plaintiff's §1983 deliberate indifference claim against defendant Troutt based on his treatment of plaintiff's sinus problems is **DISMISSED**. Plaintiff's ADA claim against defendant DOC and state-law intentional infliction of emotional distress claims against defendants Troutt, Grogan, and McCoy are **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). Plaintiff's motions for summary judgment [Doc. #48] and for appointment of expert witness [Doc. #46] are **DENIED**. Plaintiff's motion for leave [Doc. #57] is **GRANTED**.

The matter is **REFERRED** again to Magistrate Judge Goodwin for further proceedings. 28 U.S.C. § 636(b).

---

*F.3d at 811.*
    *This decision does not change the court's conclusion regarding the appointment of a medical expert. It appears the issues presented can be resolved without the assistance of such an expert.*

**IT IS SO ORDERED**.

Dated this 20th day of September, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE