# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENT G. SAVAGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-670-HE |
| | ) |
| JEFFERY TROUTT et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the pro se Plaintiff's third Motion to Compel Discovery (Doc. No. 71), in which Plaintiff asks the Court to direct the sole remaining Defendant to "immediately provide Plaintiff with adequate and sufficient responses to Plaintiff's discovery requests." Pl.'s Mot. at 2. Specifically, Plaintiff objects to several responses in which Defendant Troutt simply refers Plaintiff to an "attached affidavit" or to Plaintiff's "medical records produced" by Defendant. *See generally id.* at 2-3, 5-7, 9-10, 13-17; Pl.'s Mot. Ex. 1 (Doc. No. 71-1) at 4-5, 7-11. Plaintiff also objects to Defendant Troutt's assertions that several of Plaintiff's proffered interrogatories and requests for admission are "vague," "duplicative," or "not likely to lead to relevant information." *See generally* Pl.'s Mot. at 2-16; Pl.'s Mot. Ex. 1, at 4-11.

Plaintiff's motion does not contain the required "certification that the movant has in good faith conferred with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *cf. Taylor v. Dist. of Colo. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (noting that "pro se litigants

are subject to the same procedural rules as everyone else," including those governing discovery) (citing *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000)). However, Defendant Troutt notes in his response that Plaintiff "filed a letter seeking additional information" regarding specific objections on November 30, 2016, and that Defendant's counsel has "communicated via letter" Defendant's reasons for certain objections and explaining why counsel referred Plaintiff "to his medical records and Defendant Troutt's affidavit in response to other requests." Def.'s Resp. (Doc. No. 73) at 2; *see also* Pl.'s Letter (Doc. No. 68) at 1 (filed Nov. 30, 2016) (citing Defendant Troutt's responses to "Admissions number 6, 8, 9, 10, 12, 19, and 20" and to "all" of Plaintiff's proffered interrogatories).[1] Defendant also states that, "Counsel also advised Plaintiff to review the discovery responses in light of said correspondence and to advise if further response was still required." Def.'s Resp. at 2. Defendant notes, however, that "it is unclear" whether Plaintiff received counsel's letter "[i]n light of Plaintiff's recent transfer" to another prison. *Id.*; *see also* Notice of Address Change (Doc. No. 72) at 1 (filed Jan. 9, 2017). Defendant further states that he "does not object to an extension of deadlines in the interest of fairness if the Court deems it necessary." *Id.*

The Court finds that it would be premature to grant Plaintiff's motion to compel in light of Defendant's response and apparent attempt to resolve this discovery dispute without court action. Accordingly, Plaintiff's third Motion to Compel Discovery (Doc.

---

[1] Plaintiff's motion to compel also includes Defendant Troutt's responses to Requests for Admissions No. 7 and No. 11. *See* Pl.'s Mot. at 2-3, 5.

No. 71) is DENIED without prejudice.  Defendant is directed to mail Plaintiff another copy of his counsel's letter to Plaintiff at his current address of record.

For good cause shown, the Court also modifies the First Scheduling Order (Doc. No. 64) as follows:

- All motions for summary judgment or other dispositive motions must be filed by **February 9, 2017**

All other deadlines and provisions remain in effect.

IT IS SO ORDERED this 18th day of January, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE