# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENT G. SAVAGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-670-HE |
| JEFFERY TROUTT et al., | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the pro se Plaintiff's Fourth Motion to Compel discovery responses (Doc. No. 84), Plaintiff's Motion to Stay (Doc. No. 86), Plaintiff's Motion for Sanctions (Doc. No. 89), and Plaintiff's motion requesting leave to file an amended response to Defendant's motion for summary judgment (Doc. No. 93).

### Motion to Compel

In Plaintiff's Fourth Motion to Compel, Plaintiff asserts that Defendant Troutt has repeatedly failed to provide "adequate" responses to seven Requests for Admission (6-9, 12, 19-20) and twenty-one Interrogatories (1-11, 13-22). *See generally* Pl.'s Fourth Mot. to Compel at 1, 2-12. Defendant Troutt has filed a response objecting to Plaintiff's motion. Def.'s Obj. (Doc. No. 87) at 1-5. After careful consideration, the Court finds that Plaintiff's motion (Doc. No. 84) should be GRANTED in part and DENIED in part, as specified below.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (2016). Plaintiff's sole surviving legal claim challenges Defendant Troutt's alleged failure to properly treat Plaintiff's multiple sclerosis ("MS"), neuropathic pain, and severe constipation while serving as Plaintiff's prison physician at the James Crabtree Correctional Center ("JCCC"). *See* Order Adopting R. & R (Doc. No. 63) at 5-7 (concluding that these allegations stated an Eighth Amendment deliberate-indifference claim against Defendant Troutt); R. & R. (Doc. No. 59) at 5-8, 15-22.

   A.   *Discovery Requests Relevant to Plaintiff's Eighth Amendment Claim or Defendant Troutt's Defense(s)*

The Court finds that the following discovery requests are relevant to Plaintiff's Eighth Amendment claim or to Defendant Troutt's defense(s) and are proportional to the needs of this case:

- Requests for Admission 6, 7, and 12; and
- Interrogatories 5, 11, 13, 14, 19, 20, and 22.

Pl.'s Fourth Mot. to Compel at 2, 3-4, 8-9, 10-12. The Court overrules Defendant's generalized objections that certain of these requests are "duplicative," "vague," or "speculative." *See* Pl.'s Fourth Mot. to Compel at 2, 4, 8, 11-12 (citing Requests for Admission 7, 9, 12, and Interrogatories 11, 13, 20, 22); *see* Fed. R. Civ. P. 33(b)(4), 36(a)(6). Defendant's answers to all ten discovery requests, to the extent he did not object to them, are incomplete or non-responsive. *See* Fed. R. Civ. P. 37(a)(4).

The Court also finds that Request for Admission 8, as narrowed by Plaintiff in his motion to compel, is relevant to Plaintiff's Eighth Amendment claim or to Defendant

Troutt's defense(s) and is proportional to the needs of this case. Defendant's objection that this "request seeks information not likely to lead to relevant information," Def.'s Obj. at 2, is overruled. *See Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014). Accordingly, Defendant shall answer Request for Admission 8, as modified:

- "[Defendant] Troutt did provide gabapentin (Neurontin) to other JCCC inmates while refusing to provide it to Plaintiff."

Pl.'s Fourth Mot. to Compel at 3; *see* Fed. R. Civ. P. 36(a)(4). Defendant is not required to provide any identifying or other sensitive information about other individuals in answering this Request for Admission.

### B. *Discovery Requests Unrelated to Plaintiff's Eighth Amendment Claim or Defendant Troutt's Defense(s)*

The Court finds that the following discovery requests fall outside the scope permitted by Rule 26(b)(1):

- Requests for Admission 9, 19, and 20; and
- Interrogatories 1-4, 6-10, 15-18, and 21.

Pl.'s Fourth Mot. to Compel at 3-4, 5-11; *see* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Most of these requests seek information related to Plaintiff's legal claims that have been dismissed from this action, non-parties' medical conditions or treatment, or non-parties' lawsuits and complaints against Defendant Troutt. Additionally, Plaintiff's requests seeking information about whether gabapentin is "addictive" (Request for Admission 9) and about Defendant Troutt's knowledge of Plaintiff's substance-abuse and

disciplinary history (Interrogatories 6, 7) concern matters that are not relevant to Plaintiff's surviving Eighth Amendment claim or Defendant Troutt's defense(s).

C. *Conclusion*

Plaintiff's Fourth Motion to Compel discovery responses (Doc. No. 84) is hereby GRANTED in part as to:

- Requests for Admission 6, 7, and 12;
- Request for Admission 8, as modified; and
- Interrogatories 5, 11, 13, 14, 19, 20, and 22.

Defendant Troutt shall serve his answers or responses to these requests on Plaintiff, and with the Court, on or before **September 21, 2017**. Plaintiff's motion to compel is DENIED as to:

- Requests for Admission 9, 19, and 20; and
- Interrogatories 1, 2, 3, 4, 6, 7, 8, 9, 10, 15, 16, 17, 18, and 21.

Sanctions

In both Plaintiff's Motion to Stay and Plaintiff's Motion for Sanctions, Plaintiff asks the Court to sanction Defendant Troutt for his or his counsel's alleged failure to obey an order directing Defendant Troutt to provide or permit discovery. *See* Pl.'s Mot. to Stay at 1 (citing Fed. R. Civ. P. 37(b)(2)(A)(iv)); Pl.'s Mot. for Sanctions at 1-2 (citing Fed. R. Civ. P. 37). The Court has not issued any such order. On March 2, 2017, the Court issued an order directing Defendant Troutt "to respond to" Plaintiff's pending "motion to compel on or before March 10, 2017." Order for Resp. (Doc. No. 85) at 1; *see* Pl.'s Fourth Mot.

4

to Compel (Doc. No. 84). Contrary to Plaintiff's assertions, the Order for Response neither "granted Plaintiff's motion to compel" nor directed Defendant Troutt "to answer [the disputed] discovery" requests. Pl.'s Mot. for Sanctions at 2; Pl.'s Mot. to Stay at 2. Defendant Troutt filed a response to Plaintiff's motion before his deadline expired. Def.'s Obj. (Doc. No. 87) at 1-5 (filed Mar. 10, 2017). Accordingly, Plaintiff's Motion to Stay (Doc. No. 86) is DENIED to the extent it requests sanctions against Defendant Troutt and Plaintiff's Motion for Sanctions (Doc. No. 89) is DENIED in its entirety.

Stay / Extension / Supplemental Response

In Plaintiff's Motion to Stay (Doc. No. 86), Plaintiff asserts that he needs additional discovery before he can adequately respond to Defendant's Motion for Summary Judgment and perhaps file his own motion for summary judgment. Plaintiff did, however, file a response to Defendant's Motion for Summary Judgment (Doc. No. 92). Further, in Plaintiff's Motion for Leave (Doc. No. 93), Plaintiff submits additional materials in response to Defendant's Motion for Summary Judgment and asks that those materials be considered along with his prior Response.

Plaintiff's Motion for Leave (Doc. No. 93) is GRANTED. The materials submitted with Document No. 93 will be considered as part of Plaintiff's Response to Defendant's Motion for Summary Judgment.

Plaintiff's Motion to Stay (Doc. No. 86) is construed as a motion for extension and GRANTED in part, as follows. In light of the additional discovery that Defendant Troutt has been ordered to provide, Plaintiff is granted leave to submit a supplemental response to Defendant's Motion for Summary Judgment. Plaintiff's supplemental response, if he

chooses to file one, must be submitted on or before **October 12, 2017**. Additionally, Plaintiff's deadline to file a motion for summary judgment, if he chooses to do so, is extended to **October 12, 2017**.

IT IS SO ORDERED this 31st day of August, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE