# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENT G. SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0670-HE |
| | ) | |
| JEFFREY TROUTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Kent G. Savage, a former inmate at James Crabtree Correctional Center ("JCCC"), an Oklahoma Department of Corrections ("ODOC") facility, contends in this §1983 action that defendant Jeffrey Troutt, DO, a JCCC medical provider, was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Consistent with 28 U.S.C. § 636, the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin. He has issued a Report and Recommendation ("Report) recommending that a motion for summary judgment filed by defendant Troutt be granted. Plaintiff, who is represented by counsel, has filed an objection.

In addition to defendant Troutt, plaintiff initially sued the ODOC and two other JCCC employees associated with the facility's provision of medical care. He also asserted other federal and state law claims. By order entered on September 20, 2016, the other defendants and most of plaintiff's claims were dismissed. *See* Doc. #63.[1] Remaining for

---

[1] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

consideration is plaintiff's §1983 deliberate indifference claim against defendant Troutt in his individual capacity. Plaintiff seeks to recover compensatory and punitive damages based on Dr. Troutt's treatment of his constipation and abdominal pain and his neuropathic pain associated with his multiple sclerosis ("MS"). Plaintiff essentially alleges defendant Troutt refused to follow a specialist's instruction to provide him with Metamucil to address the constipation caused by a medication he takes for MS and failed to prescribe gabapentin[2] for the pain resulting from his MS.

Defendant Troutt filed a motion for summary judgment contending plaintiff failed to exhaust his administrative remedies and that he is entitled to qualified immunity. In his Report, the magistrate judge concluded plaintiff failed to exhaust his administrative remedies with respect to his claim based on his abdominal pain.[3] While he concluded plaintiff had exhausted his claim based on his neuropathic pain, the magistrate judge determined defendant Troutt was entitled to qualified immunity with respect to that claim because plaintiff failed to establish the defendant had violated his Eighth Amendment rights.

Abdominal-Pain Claim

"Under the Prisoner Litigation Reform Act ("PLRA"), a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal

---

[2] *Gabapentin is also referred to as Neurontin.*

[3] *For clarification purposes, the court will, like the magistrate judge, refer to plaintiff's two grounds for his deliberate indifference claim as two separate claims.*

2

court." Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010); *see* 42 U.S.C. § 1997e(a). The ODOC has a four step grievance process. Doc. #40-2; *see also* Little, 607 F.3d at 1249 (describing the grievance process). First, a prisoner must seek to resolve a complaint informally with an appropriate staff member. *Id*. at p. 7. If the issue is not resolved, the prisoner must submit a Request to Staff. *Id*. at p. 8. If the issue is still unresolved, the prisoner may then submit a formal grievance. Id. at p. 9. That decision may be appealed to the administrative review authority or chief medical officer ("ARA"). *Id*. at p. 13. "The ruling of the ARA is final and will conclude the internal administration process available to the offender within the jurisdiction" of the ODOC. *Id*. at p. 15.

The magistrate judge concluded plaintiff had not exhausted his administrative remedies because, while he had initiated three complaints regarding his abdominal pain claim (Grievances 15-52, 15-140, 15-160), he did not complete ODOC's grievance process with respect to any of them. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."). He also determined there was an absence of evidence creating a fact dispute as to whether JCCC officials had prevented or thwarted plaintiff's exhaustion efforts in any meaningful way. The magistrate judge therefore decided defendant Troutt had established his affirmative defense of failure to exhaust and recommended that summary judgment be entered in his favor on plaintiff's abdominal pain claim.

Plaintiff disagrees, stating that he "meets the exhaustion requirement because it is clear that exhaustion was not 'available to him.'" Doc. #108, p. 4. He asserts it is evident

3

from the grievance process itself that ODOC and those facilities it contracts with regularly "'prevent, thwart, [and] hinder a prisoner's efforts to avail himself of an administrative remedy.'" Id. at pp. 4-5 (quoting Little, 607 F.3d at 1250). These general criticisms of the grievance process are insufficient to demonstrate that plaintiff should be excused from the exhaustion process. The court concludes, though, that at least with respect to Grievance 15-52, exhaustion is excused.

Grievance 15-52

Grievance 15-52 is based on a Request to Staff ("RTS") plaintiff submitted in February 2015 regarding his failure to receive Metamucil. See Doc. 40-4. When he was not satisfied with the answer he received to the RTS, he submitted Grievance 15-52 on February 25, 2015. The Reviewing Authority ("RA") received plaintiff's Grievance on March 9, 2015, which was out of time. Nonetheless, the RA considered the Grievance on the merits and plaintiff received the RA's response on April 9. Plaintiff then submitted a Grievance Appeal, which the Administrative Review Authority ("ARA") received on April 16, 2015. The ARA rejected plaintiff's Grievance Appeal as being improperly submitted for two reasons: plaintiff's Grievance was out of time and an incomplete Request to Staff form was submitted.

The magistrate judge concluded plaintiff failed to exhaust his administrative remedies with respect to Grievance 15-52, because he did not resubmit his rejected appeal within ten days in accordance with OP-090124 § VII(b)(1)(e), Doc. #40-2, p. 14. He recognized that plaintiff asserts it was the prison's fault that his Grievance was late because he claims to have put it in the inmate red mail box nine days prior to the deadline.

Regardless, the magistrate judge determined plaintiff was required by the grievance policy to bring the mistake to the attention of the ARA. Because he did not resubmit his appeal, the magistrate judge determined plaintiff had failed to exhaust all available remedies with respect to Grievance 15-52.

Plaintiff does not address this aspect of the Report, but simply reurges his argument that he placed his grievance in the prison's red mailbox within fifteen days of receiving a response to his Request to Staff, and that it was improperly returned as untimely. He contends "it is out of his control how long it takes prison officials to get it to the reviewing authority." Doc. #108, pp. 5-6. He then claims the administrative remedy is unavailable so his failure to exhaust should be excused.

The Court concludes the ARA improperly denied Grievance 15-52 as being out of time. The Grievance, not the Grievance Appeal, was untimely. However, the Reviewing Authority accepted plaintiff's belated Grievance and considered it on the merits. "[T]hat step [made] the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court." Ross v. Cnty of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), *abrogated on other grounds* by Jones v. Bock, 549 U.S. 199 (2007). Because plaintiff's Grievance was deemed to be "properly" filed at step three of the process, the court concludes the ARA could not then turn around at step four, reverse itself, and deny the appeal on the ground the Grievance was untimely. If plaintiff's Grievance Appeal had been untimely, the ARA could have denied the appeal on grounds of untimeliness. But that was not what occurred. Plaintiff submitted his Grievance Appeal on time and the Grievance was deemed to be timely by the RA's action of addressing it on the merits.

5

Therefore, the ARA improperly rejected the Grievance Appeal on the basis of untimeliness. However, untimeliness was not the only ground for its rejection.

The ARA also determined that plaintiff's Grievance Appeal was improper because an incomplete Request to Staff form was submitted. In his Report, the magistrate judge questioned whether OP-090124 allowed the ARA to reject a grievance appeal on that basis. p. 9. The court concludes it does not. The ARA is authorized by the grievance process to

> [n]otify the offender when grievances and grievance appeals are submitted improperly. The offender will be given one opportunity to correct any errors, which must be received by the ARA within 10 calendar days of the time the offender is notified of improper submission. If the offender fails to correct the errors, the grievance or grievance appeal will not be answered and the offender will have waived/forfeited the opportunity to proceed in the grievance process.

Doc. #40-2, p. 14. This section does not grant the ARA the power to return the RTS for proper completion when it includes a procedural defect. In Burnett v. Jones, 437 Fed. Appx. 736 (10th Cir. 2011), the Tenth Circuit concluded that the ARA erred in returning an appeal unanswered "for failure to submit the RTS to the appropriate staff member and failure to include time-frames in the original grievance." Id. at 743.

The court has determined that plaintiff's Grievance 15-52 was deemed timely and the ARA lacked the authority to reject his appeal for failure to file a completed RTS. Therefore, the ARA erred in rejecting plaintiff's Grievance Appeal 15-52. That rendered proper exhaustion unavailable and exhaustion is excused.

Grievances 15-140 and 15-160

After plaintiff filed this action on June 19, 2015, he initiated the grievance process with respect to both his other Grievances, 15-140 and 15-160. As has been discussed, the

6

PLRA requires exhaustion of available administrative remedies prior to litigation. The claim must be dismissed if the prisoner has failed to complete the process before initiating suit. Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1140-41 (10th Cir. 2005) (PLRA requires exhaustion as a "precondition" to bringing litigation and dismissal where a litigant has not completed exhaustion before filing action), *overruled on other grounds* by Porter v. Nussle, 534 U.S. 516 (2002). Dismissal is required even if exhaustion occurs during the pendency of the action. *See* Ruppert v. Aragon, 448 Fed. Appx. 862, 863 (10th Cir. 2012).

The court therefore concludes Grievances 15-140 and 15-160 were not exhausted and cannot serve as the basis for plaintiff's abdominal-pain claim. However, as Grievance 15-5 is considered to have been exhausted, defendant Troutt is not entitled to summary judgment on his affirmative defense of failure to exhaust. That leaves his alternative argument – that he is entitled to qualified immunity on this claim – which will be considered by the magistrate judge upon re-referral.

Neuropathic Pain Claim[4]

Plaintiff contends defendant Troutt was deliberately indifferently to his serious medical needs when he refused to provide him with Neurontin for the pain associated with his MS. Because plaintiff had exhausted this claim, the magistrate judge addressed its merits. Defendant Troutt asserts he is entitled to qualified immunity.[5]

---

[4] *It is undisputed that plaintiff exhausted this claim. See Report, Doc. #105, p. 3 n.3.*

[5] *"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional*

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). A deliberate indifference claim has both an objective and a subjective component. *Id*. The objective component is satisfied if the deprivation is sufficiently serious, while the subjective component is met if the plaintiff "present[s] evidence of the prison official's culpable state of mind." *Id*. Liability may be imposed if the official knew the prisoner "faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks omitted).

The magistrate judge concluded plaintiff failed to establish the subjective component of his claim. In his objection, plaintiff basically reurges the arguments which the magistrate judge addressed in his Report. The court agrees with the magistrate judge's analysis and adopts the section of the Report regarding plaintiff's abdominal pain claim. *See* Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010) ("disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation"). It therefore concludes, as did the magistrate judge, that plaintiff has not established that defendant Troutt violated his Eighth Amendment rights with respect to his claim based on pain associated with his MS.

---

*right was clearly established." Morris v. Noe, 672 F.3d 1185, 1191 (10th Cir. 2012). The defense is defeated only if the plaintiff satisfies both steps.*

Accordingly, defendant Troutt is entitled to summary judgment on plaintiff's deliberate indifference claim to the extent it is based on pain associated with his MS. Defendant Troutt's motion for summary judgment is denied with respect to his affirmative defense of exhaustion of administrative remedies with respect to plaintiff's abdominal pain claim based on Grievance 15-52. The matter is referred again to the magistrate judge for consideration of the merits of that claim.

**IT IS SO ORDERED**

Dated this 20th day of March, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE