# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENT G. SAVAGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0670-HE |
| JEFFREY TROUTT, *et al.*, | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Kent G. Savage, a former inmate at James Crabtree Correctional Center ("JCCC"), an Oklahoma Department of Corrections ("ODOC") facility, filed this §1983 action alleging that defendant Jeffrey Troutt, DO, a JCCC medical provider, was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Consistent with 28 U.S.C. § 636, the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin. He has issued a Supplemental Report and Recommendation recommending that a motion for summary judgment filed by defendant Troutt be granted. Defendant argued he was entitled to qualified immunity because plaintiff could not show he had violated plaintiff's constitutional rights. Plaintiff, who is represented by counsel, has filed an objection.

In addition to defendant Troutt, plaintiff initially sued the ODOC and two other JCCC employees associated with the facility's provision of medical care. He also asserted other federal and state law claims. By order entered on September 20, 2016, the other defendants and most of plaintiff's claims were dismissed. Plaintiff's remaining deliberate

indifference claim, which is asserted against defendant Troutt in his individual capacity, is based on the physician's alleged unconstitutional treatment of plaintiff's constipation and abdominal pain while plaintiff was incarcerated at JCCC between August 2014 and June 2015.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). A deliberate indifference claim has both an objective and a subjective component. Id. The objective component is satisfied if the deprivation is sufficiently serious, while the subjective component is met if the plaintiff "present[s] evidence of the prison official's culpable state of mind." Id. The magistrate judge concluded plaintiff failed to show an Eighth Amendment violation as he did not establish the subjective component of his deliberate indifference claim. Because of that determination the magistrate judge found it unnecessary to consider the other -- objective – prong of the inquiry.

In his objection plaintiff initially argues that the magistrate judge improperly concluded that the record contradicts his claim that defendant Trout refused to provide him with Metamucil upon his transfer to JCCC on August 26, 2014. The error, if one was made, is inconsequential because plaintiff does not challenge the magistrate judge's determination that "there is no specific allegation by Plaintiff – and no evidence in the record – that Plaintiff requested a laxative from any JCCC official between August 26, 2014 and January 29, 2015." Doc. #110, p. 10. The magistrate judge also noted that the

record of plaintiff's January 16, 2015, examination does not include any complaint of constipation.

As for plaintiff's treatment during the remaining period at issue – between January 29, 2015, and June 2015 – the court concludes plaintiff has not offered evidence sufficient to create a question of fact as to whether defendant knew of and disregarded an "excessive risk" to plaintiff's health. *See* Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) ("The subjective component is satisfied if the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and []he must also draw the inference.'") (quoting Farmer v. Brennan, 511 U.S. 825 837 (1994)). As evidence of defendant's "culpable state of mind," Self v. Crum, 439 F.3d 1227, 1234 (10th Cir. 2006), plaintiff points to the physician's initial failure to follow an expert's advice that plaintiff be prescribed a laxative and his subsequent decision, after he had prescribed a laxative, not to renew the prescription but instead to make lifestyle recommendations and instruct plaintiff to notify him of any abdominal problems. Plaintiff argues that those changes were not possible because he was "incarcerated and was already doing the lifestyle changes advised." Doc. #111, pp. 9-10.[1] He contends these facts, combined with defendant's asserted statement that plaintiff needed "to learn to live with a little bit of pain" and his acknowledgement that generally, "if constipation becomes obstructive in nature it would

---

[1] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

require immediate treatment," Doc. #111-1, p. 4, demonstrate the required subjective indifference.[2]

In Self the Tenth Circuit explained that "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." Self, 439 F.3d at 1232. The court further noted that where a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under [Tenth Circuit] case law." *Id.* at 1232-33.

The court agrees with the magistrate judge that the record shows defendant made "'a good faith effort to diagnose and treat [plaintiff's] medical condition.'" Kneen v. Zavaras, 568 Fed. Appx. 580, 583 (10th Cir. 2014) (quoting Mata v. Saiz, 427 F.3d 745, 761 (10th Cir.2005)). Plaintiff simply disagrees with the "scope and adequacy of the medical treatment provided by [the] medical professional." Kneen, 568 Fed. Appx. at 585. However, "[a]s a matter of law, such a disagreement does not establish an Eighth Amendment claim. [P]laintiff's 'right is to medical care—not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.'" *Id.* (quoting Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir.1968)). And "the 'negligent failure to provide adequate medical care, even one constituting medical

---

[2] *Notably plaintiff offers no evidence that his constipation had become "obstructive" or that defendant was aware that it had become "obstructive."*

4

malpractice, does not give rise to a constitutional violation.'" Self, 439 F.3d at 1233 (quoting Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir.1999)). Here, as in Self, "it would amount to mere speculation to conclude [defendant] had a culpable state of mind." *Id*. at 1235.

Plaintiff's evidence is insufficient to create a fact question for the jury with respect to the subjective component of his deliberate indifference claim. He has "fail[ed] to overcome the evidentiary hurdle . . . ." *Id*. at 1236. Defendant therefore prevails on his defense of qualified immunity because plaintiff has not shown he violated plaintiff's Eighth Amendment rights.

Accordingly, the court **ADOPTS** the Supplemental Report and Recommendation of Magistrate Judge Goodwin and **GRANTS** defendant's motion for summary judgment [Doc. #88].

**IT IS SO ORDERED**

Dated this 26th day of July, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE